SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

JAMES L. NICOLL
REGINA R. BELT
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street, Suite 504
Anchorage, AK 99501-3657
Telephone: (907) 271-3456
Facsimile: (907) 271-5827
Email: regina.belt@usdoj.gov

Attorneys for Plaintiff United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>v.<br>FOREST OIL CORPORATION,<br><br>                  Defendant. | No. 3:06-cv-00202-JWS<br><br>STIPULATION OF SETTLEMENT<br>AND JUDGMENT |

*WHEREAS* the United States of America, acting at the request of the Administrator of the United States Environmental Protection Agency, commenced this action by filing a Complaint for Civil Penalties alleging violations by Forest Oil Corporation ("Forest Oil") of Section 301 of the Federal Water Pollution Control Act ("Clean Water Act" or "Act"), 33 U.S.C. § 1311, arising out of its operations at the Osprey Platform, an offshore crude oil and natural gas production platform in central Cook Inlet, approximately 1.8 miles southeast of the end of the West Forelands in Alaska, between January 2001 and January 2005;

*WHEREAS* the United States and Forest Oil (the "Parties") agree that it is in the public interest to resolve this matter without litigation and have negotiated this Stipulation of Settlement and Judgment in good faith to avoid expensive and protracted litigation and to avoid the risks

STIPULATION OF SETTLEMENT
AND JUDGMENT - 1

inherent in such litigation;

*NOW THEREFORE*, without adjudication or admission of any issue of fact or law, the Parties, by and through the undersigned, agree and stipulate as follows:

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 309 of the Clean Water Act, as amended, 33 U.S.C. § 1319, and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355. The Complaint states claims upon which relief may be granted.

2. Venue is appropriate in this district pursuant to Section 309(b) of the Clean Water Act, as amended, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a) because Forest Oil is, and at all times relevant to this lawsuit was, doing business in this district and because the violations alleged in the Complaint occurred and the penalties sought by the United States accrued in this district.

3. The obligations of this Stipulation of Settlement and Judgment apply to and are binding upon the United States and upon Forest Oil and its successors. Any change in Forest Oil's ownership or corporate status shall not alter its obligations hereunder.

4. Within ten business days of entry by this Court of this Stipulation of Settlement and Judgment, Forest Oil shall pay to the United States via electronic funds transfer ("EFT") a civil penalty of $813,000 in accordance with instructions provided by the Financial Litigation Unit of the Office of the United States Attorney for the District of Alaska. The EFT documents shall refer to Collection File Number 2006Z00031/001 and DOJ Case Number 90-5-1-1-08763. Payment by EFT must be received at the Department of Justice lockbox bank by 4:00 PM (Eastern Time) to be credited on that day. Copies of the payment and transmittal documents shall be mailed to:

> Chief, Environmental Enforcement Section
> Environment & Natural Resources Division
> United States Department of Justice
> P.O. Box 7611 Ben Franklin Station
> Washington, DC 20044-7611
>
> and

STIPULATION OF SETTLEMENT
AND JUDGMENT - 2

Courtney Hamamoto
Assistant Regional Counsel
U.S. EPA Region 10
1200 Sixth Avenue, Mailstop ORC-158
Seattle, Washington 98101

5.  In the event that Forest Oil does not comply with the payment obligations of Paragraph 4 above, Forest Oil shall pay a stipulated penalty to the United States in the amount of one thousand dollars ($1,000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 4 above, for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If the payment specified in Paragraph 4 is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and Judgment and reinstate this action.

6.  Within ten business days of receipt of all amounts due under this Stipulation of Settlement and Judgment, the United States shall file a notice with the Court that full payment has been made.

7.  Forest Oil's payment of the civil penalty identified in Paragraph 4 above, and any stipulated penalties and interest required by Paragraph 5 above, shall constitute a complete settlement and shall be in full satisfaction of the United States' claims for civil penalties for the violations of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, alleged in the Complaint. This Stipulation of Settlement and Judgment is limited to the civil claims under the Clean Water Act that are expressly alleged in the Complaint. This Stipulation of Settlement and Judgment is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly alleged in the Complaint or any criminal liability of Forest Oil.

8.  Nothing in this Stipulation of Settlement and Judgment shall be construed to release Forest Oil or its agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein

STIPULATION OF SETTLEMENT
AND JUDGMENT - 3

shall be construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the Clean Water Act or any other law for other alleged violations.

9. Civil penalties and any stipulated penalties paid pursuant to this Stipulation of Settlement and Judgment are not deductible by Forest Oil or any other person for federal, state, or local tax purposes.

10. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation of Settlement and Judgment through the date that payment is made in accordance with the provisions herein.

11. This Stipulation of Settlement and Judgment shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs 4 and 5 above, in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008, and any other applicable statutory authority without further order of this Court. In the event all or any portion of the penalties referred to in Paragraphs 4 and 5 above, is not paid in accordance with the provisions of this Stipulation of Settlement and Judgment, Forest Oil shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due thereunder.

12. Nothing in this Stipulation of Settlement and Judgment creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation of Settlement and Judgment.

13. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Osprey Platform, Forest Oil shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case. Nothing in this paragraph shall be construed to impair the settlement in paragraph 7 of the claims alleged in the Complaint.

STIPULATION OF SETTLEMENT
AND JUDGMENT - 4

14. The undersigned representatives of Forest Oil, and the Deputy Chief of the Environmental Enforcement Section, certify that each is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and Judgment and to bind legally the party he or she represents to this document.

15. Forest Oil hereby agrees to accept service of the Complaint in this matter from the United States by first class mail directed to its Senior Vice President (or by hand delivery of the Complaint to his office) and to waive formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons with the Complaint.

16. Forest Oil consents to the entry of this Stipulation of Settlement and Judgment without further notice.

17. Except as set forth in Paragraph 11 of this Stipulation of Settlement and Judgment, each party shall bear its own costs and attorney's fees in this action.

18. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation of Settlement and Judgment.

19. This Stipulation of Settlement and Judgment may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**AS STIPULATED AND AGREED TO BY THE PARTIES, IT IS SO ORDERED AND ADJUDGED THIS 30th DAY OF August, 2006.**

**REDACTED SIGNATURE**

United States District Judge

STIPULATION OF SETTLEMENT
AND JUDGMENT - 5

FOR THE UNITED STATES
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

DATED: _____

*[signature]*

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611

DATED: Aug. 24, 2006

*[signature]*

JAMES L. NICOLL
REGINA R. BELT
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street, Suite 504
Anchorage, AK 99501-3657
Telephone: (907) 271-3456
Facsimile: (907) 271-5827
Email: regina.belt@usdoj.gov

DATED: _____

EDWARD KOWALSKI
Regional Counsel
U.S. Environmental Protection Agency
Region 10
1200 Sixth Avenue, Mail Stop ORC-158
Seattle, WA 98101

STIPULATION OF SETTLEMENT
AND JUDGMENT - 6

FOR THE UNITED STATES
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division


DATED: _____

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611


DATED: _____

JAMES L. NICOLL
REGINA R. BELT
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street, Suite 504
Anchorage, AK 99501-3657
Telephone: (907) 271-3456
Facsimile: (907) 271-5827
Email: regina.belt@usdoj.gov


DATED: 7/14/06

EDWARD KOWALSKI
Regional Counsel
U.S. Environmental Protection Agency
Region 10
1200 Sixth Avenue, Mail Stop ORC-158
Seattle, WA 98101


STIPULATION OF SETTLEMENT
AND JUDGMENT - 6

FOR FOREST OIL CORPORATION

DATED: 6/24/06

*Leonard C. Gurule* (signature)
LEONARD C. GURULE
Senior Vice President
Forest Oil Corporation
310 K Street, Suite 700
Anchorage, AK 99504

STIPULATION OF SETTLEMENT
AND JUDGMENT - 7